# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

March 21, 2023

*Via ECF*
The Honorable Katherine Polk Failla, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007



      Re:   *Lanau Aguilar v. Carben Construction Inc. et al*
                **Case No.: 1:22-cv-09685-KPF**

Dear Honorable Judge Failla:

      This law firm represents Francisco Lanau Aguilar ( the "Plaintiff") in the above-referenced matter.

      Pursuant to Your Honor's Individual Motion Practice Rule 2(D), this letter respectfully serves to request an extension of time to request an enlargement of time to serve Defendant Ronald Browning ("Defendant Browning") pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 4(m), to, through and including April 20, 2023.

### A. The Court Should Grant a Short Extension of Time to Complete Service on Defendant Browning

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc*., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

      Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id*. Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

    **i.    Good Cause Exists to Extend Plaintiff's Deadline to Serve Defendant Browning**

On or around November 28, 2022, Plaintiff's process servers successfully served corporate defendant Carben Construction Inc. [*See* Dckt .No. 6]. On or around February 20, 2023, Plaintiff's process servers successfully served individual defendant Anthony Loguidice. [*See* Dckt. No. 9]

Additional time is needed to verify Defendant Browning's address(es), and finalize service pursuant to Fed.R.Civ.P. 4.

The undersigned intends to proceed with the action once each Defendant has appeared, or alternatively, proceed with the filing of a motion for default judgment, in the event of Defendants' continued non-appearance.

    **B.    Conclusion**

Out of an abundance of caution, it is respectfully requested that the Court extend Plaintiff's deadline to serve Defendant Browning to, through and including, April 20, 2023.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By:   */s/ Jason Mizrahi*
          Jason Mizrahi
          60 East 42nd Street, Suite 4747
          New York, NY 10170
          Tel. No.: (212) 792-0048
          Email: Jason@levinepstein.com
          *Attorneys for Plaintiff*

---

```
Application GRANTED.  Plaintiff is directed to effect service on Defendant
Browning by April 20, 2023.

The Clerk of Court is directed to terminate the pending motion at docket
entry 12.

Dated:    March 21, 2023                SO ORDERED.
          New York, New York
```

*(signature: Katherine Polk Failla)*

```
                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE
```